IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIVIAN M.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 15475 |
| v. | ) | |
| | ) | Magistrate Judge |
| MICHELLE KING, Acting | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Vivian M.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [14] is denied, and the Commissioner's cross-motion for summary judgment [18] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Michelle King has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 16, 2021, Plaintiff filed claims for DIB and SSI, alleging disability since January 15, 2016. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on February 15, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended her alleged onset date to March 23, 2021.

On March 9, 2023, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of March 23, 2021. At step two, the ALJ concluded that Plaintiff had severe impairments of depression

and anxiety. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"): can work at all exertional levels with no restriction of her ability to lift and/or carry, sit, stand, or walk throughout an 8-hour workday; can occasionally climb ramps and stairs, and can occasionally stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; can frequently use her hands to perform fine or gross manipulation, but cannot perform forceful grasping or torquing with either hand; is limited to working in non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, working on ladders, or working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery; can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; can tolerate occasional interactions with supervisors and coworkers; can tolerate no interactions with the general public; cannot perform work requiring a specific production rate such as assembly line work; and can deal with occasional changes in a routine work setting.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a mortgage loan officer. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

5

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's assessment of Plaintiff's alleged symptoms related to depression was erroneous; and (2) the ALJ failed to properly assess Dr. Chokshi's opinion. Each argument will be addressed below in turn.

### A. The ALJ's Assessment of Plaintiff's Alleged Symptoms

For her first argument, Plaintiff contends the ALJ's symptom assessment in relation to her mental impairments[3] was erroneous. ([15] at 7-13.) Pertinent to that assertion, in his decision, the ALJ noted Plaintiff's alleged symptoms, including her testimony that "she is primarily disabled due to worsening depression, which affects

---

[3] Plaintiff has clarified that "the issues on appeal concern only her mental health impairments." ([15] at 2 n.2.)

6

her ability to perform daily tasks." (R. 26.) However, the ALJ determined that Plaintiff's alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In support of that conclusion, the ALJ stated as follows in a dedicated passage:

> As for the claimant's statements about the intensity, persistence, and limiting effects of . . . her symptoms, they are inconsistent because the claimant stated her depression is worsening, and that there has been no time during the relevant adjudicatory period where she experienced an improvement in her symptoms. However, the claimant's testimony does not correspond with mental health treatment records, which reflect the claimant did report some improvement in her symptoms, as well as treatment notes, which indicate that her symptoms were "manageable". Moreover, objective mental status examination findings, as described in detail above, have remained within normal limits throughout the entire adjudicatory period, aside from the claimant's presentation of a depressed mood, and as tearful, at times. While the most recent treatment note of record indicates that the claimant would experience flares of her depressive symptoms "up to" 3-4 times per month, lasting a day at a time,[] the claimant never reported to her treating or examining mental health specialists that she was ever bedridden for an entire day at least once a week and half the day on most other days, like she did at hearing. Furthermore, despite this report of flares, the claimant's treating psychiatrist, Dr. Chokshi, did not increase or adjust her medications, or suggest more intensive, aggressive treatment measures. Rather, she asked the claimant to follow-up with her in three months, which is actually longer than some of the claimant's previously scheduled visits with Dr. Chokshi, which had occurred monthly.

(*Id.* at 27-28.)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support quoted above, the ALJ reasonably

7

determined that Plaintiff's allegations were not fully corroborated. *See Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

As part of her symptom-based argument, Plaintiff contends that the ALJ erroneously considered improvement in her condition. Plaintiff's argument is unavailing because it was appropriate for the ALJ to consider Plaintiff's improvement in reaching his overall determinations. *See Conor B. v. Kijakazi*, No. 20 CV 3342, 2022 WL 4079461, at *10 (N.D. Ill. Sept. 6, 2022) ("So too was it proper for the ALJ to consider the course and effectiveness of Claimant's treatment, as well as Claimant's reported improvement over time with the assistance of medication, work history, and writing of a book.") (citation omitted); *Dante B. v. Kijakazi*, No. 20-CV-1104, 2022 WL 3926050, at *9 (N.D. Ill. Aug. 31, 2022) ("[I]mprovement *is* a

8

relevant factor that ALJs may consider."). Moreover, and in any event, the Court finds that Plaintiff's arguments concerning her improvement (or lack thereof) amount to an impermissible request that the evidence be reweighed.[4] *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Plaintiff also argues that the ALJ did not properly assess her daily activities. ([15] at 12.) Pertinent to that argument, the ALJ noted in his decision that Plaintiff is able to drive, able to shop in stores and by computer, and able to independently attend medical appointments. (R. 23.) The ALJ further noted that Plaintiff "reported that she visits her grandchildren once or twice a week" and is "able to go to the grocery store twice or three times per week." (*Id.* at 24.) The Court finds no error in the ALJ's consideration of Plaintiff's daily activities. The ALJ did not improperly equate Plaintiff's daily activities with an ability to work full time. Rather, the ALJ reasonably found that evidence concerning Plaintiff's daily activities did not align with the reported extent of her symptoms. *See Darryl S. v. Kijakazi*, No. 22 C 3827, 2023 WL 3169617, at *4 (N.D. Ill. Apr. 28, 2023). Plaintiff contends that the ALJ did not consider the difficulties she experienced in performing daily activities. The Court rejects that argument, as the ALJ did in fact consider Plaintiff's alleged difficulties throughout his decision. (*See* R. 24 ("The claimant reported that she no longer wants to engage with others and that she mostly stays home."); *id.* ("The claimant described lacking care/concern to pay bills

---

[4] Similarly, the Court finds that Plaintiff's arguments concerning objective findings and frequency of days in bed also amount to impermissible requests that the evidence be reweighed. (*See* [15] at 10-12.)

9

on time."); *id*. at 25 ("[T]he claimant testified that she lacks motivation and energy, and that she showers once per week.").)

Lastly, Plaintiff contends that the ALJ did not properly consider her strong work history and attempts to return to work. ([15] at 13.) As an initial matter, the ALJ did in fact consider that Plaintiff "tried to work on a part-time basis." (R. 26.) Moreover, and in any event, an ALJ is not statutorily required to consider a claimant's work history. Plaintiff's work history, however good, does not translate into functional limitations that the ALJ missed. Along those lines, Plaintiff does not explain why her strong work record necessarily overrides the other reasons offered by the ALJ for discounting Plaintiff's subjective symptoms.

    **B.**    <u>**The ALJ's Assessment of Dr. Chokshi's Opinions**</u>

For her second argument, Plaintiff contends that the ALJ erred in evaluating the opinions of her treating psychiatrist, Dr. Chokshi. ([15] at 13-15.) Because Plaintiff filed her claims in 2021, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability,

10

consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In his decision, the ALJ assessed Dr. Chokshi's opinions as follows:

> The claimant's treating psychiatrist, Dr. Sapana Chokshi, also completed a mental impairment questionnaire on October 6, 2021. Dr. Chokshi opined that the claimant would be absent from work due to her impairments or treatment more than three times per month. She opined that the claimant's condition is "severe and affects her ability to function adequately in a workplace environment." In addition, she opined that the claimant's symptoms would interfere with the attention and concentration needed to perform even simple work tasks "21% or more" of a typical workday. Lastly, she opined that the claimant has extreme limitations in understanding, remembering, or applying information, concentration, persistence, or maintaining pace, and adapting or managing oneself, and marked limitations in interacting with others. Although I recognize[] that Dr. Chokshi specializes in mental health, she had only seen the claimant on four occasions by October 2021; therefore, she did not have a longitudinal treatment history with the claimant at the time she rendered this opinion. Furthermore, Dr. Chokshi referred to some clinical findings in her opinion, but failed to provide any underlying clinical explanation for how and why these findings would support her assessment. For instance, Dr. Chokshi referred to the claimant's thought processing as "logical and goal-directed," but then also assessed the claimant as "markedly limited" in making simple work-related decisions. While Dr. Chokshi reported that

11

> the claimant's prognosis is fair to good and treatment notes around the same time she rendered this opinion suggest some improvement in the claimant's overall symptoms, she failed to reconcile this with her assessment that the claimant would regularly be off task and absent from work.

(R. 31 (citations omitted).)

In sum, the ALJ discounted Dr. Chokshi's opinions because they were not supported by a long treatment history, unsupported by clinical explanations, and internally inconsistent with respect to Dr. Chokshi's treatment notes. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Chokshi's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court must decline Plaintiff's invitation to reweigh the evidence in relation to Dr. Chokshi's opinions. *See Gedatus*, 994 F.3d at 900.

Plaintiff argues in particular that the ALJ erred in his assessment of Dr. Chokshi's opinions because Dr. Chokshi had seen Plaintiff seven times, rather than four times as stated by the ALJ. The Court finds that contention unavailing. As an initial matter, Plaintiff concedes that "getting the number of visits wrong" would "not be remandable error." ([20] at 5.) Furthermore, as Defendant points out, while the ALJ mistakenly wrote that Dr. Chokshi had seen Plaintiff four times (instead of seven), the ALJ chronicled all of Dr. Chokshi's appointments in his decision. Despite the ALJ's scrivener's error, it appears that Dr. Chokshi only treated Plaintiff for a few months between spring and fall 2021. While the ALJ may have inadvertently listed the incorrect number of appointments, his overall reasoning remains intact: Dr. Chokshi had not developed a longitudinal treatment history at the time she rendered her opinions.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [14] is denied, and the Commissioner's cross-motion for summary judgment [18] is granted.

**SO ORDERED.**            **ENTERED:**

**DATE:    January 24, 2025**

                                            **HON. DANIEL P. McLAUGHLIN**
                                            **United States Magistrate Judge**